IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAZHAR FOOTSTEPS LLC d/b/a<br>NEW EXPRESS STOP,<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:20-cv-00955 |
| AmGUARD INSURANCE COMPANY<br>and MICHAEL CLAYTON HEPBURN,<br>*Defendants.* | §<br>§<br>§<br>§ | |

### **DEFENDANT AmGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL**

Notice is hereby given that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AmGUARD Insurance Company ("AmGUARD") hereby removes this action from the 438th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal states as follows:

### **I.    STATE COURT ACTION**

1.    On July 2, 2020, Plaintiff Mazhar Footsteps LLC d/b/a New Express Stop ("Plaintiff") filed its Plaintiff's Original Petition (the "Complaint") in the 438th Judicial District Court of Bexar County, Texas, styled *Mazhar Footsteps LLC d/b/a New Express Stop v. AmGUARD Insurance Company and Michael Clayton Hepburn*, Cause No. 2020CI12014 (the "State Court Action").

2.    Plaintiff asserts alleged claims relating to allegations that AmGUARD underpaid an insurance claim following storm damage to an insured property (the "Property") that occurred on or about June 6, 2019. Compl. at 5-16. On the basis of these allegations, and without limitation, Plaintiff asserts alleged claims for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and breach

1

of a duty of good faith and fair dealing. *Id.* at 10-13. Plaintiff seeks damages relating to the alleged cost of repairs to the Property, as well as, without limitation, treble damages, exemplary damages, and attorneys' fees. *Id.* at 16-17.

3. AmGUARD removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5. This removal is timely because it is filed within thirty days of AmGUARD being served or otherwise making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6. Under 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7. Under 28 U.S.C. § 1446(d), AmGUARD is, contemporaneously with the filing of this Notice of Removal, (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 438th Judicial District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

## III. DIVERSITY JURISDICTION

8. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as AmGUARD. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Further, as shown below, Mr. Hepburn's citizenship may not be considered for the

---

[1] AmGUARD has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

purpose of determining jurisdiction. And, also as shown below, the amount in controversy requirement is satisfied.

A.      **Diversity of citizenship exists between Plaintiff and AmGUARD.**

9.      Plaintiff is a Texas limited liability company located and operating in Texas. *See* Compl. at 1. As a limited liability company, Plaintiff's citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Publicly available records filed with the Texas Secretary of State by, or on behalf of, Plaintiff reflect that the sole member of Plaintiff is a natural person residing in Texas. *See* **Exhibit C**.[2] Therefore, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *Harvey*, 542 F.3d at 1079-80; *Palmaz Scientific, Inc. v. Harriman*, No. SA-15-CA-734-FB, 2015 WL 13298400, at *7 (W.D. Tex. Oct. 7, 2015) (holding that a natural person's citizenship is determined by their domicile) (quoting *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974)).

10.     AmGUARD is a corporation organized under Pennsylvania law with its principal place of business in Wilkes Barre, Pennsylvania.[3] A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, AmGUARD is a citizen of Pennsylvania for purposes of diversity jurisdiction.

11.     Because Plaintiff is a citizen of Texas and AmGUARD is a citizen of Pennsylvania, complete diversity exists in this case between AmGUARD and Plaintiff. *See* 28 U.S.C. § 1332(c)(1).

---

[2] True and correct copies of Plaintiff's Certificate of Formation and its most recent Texas Franchise Tax Public Information Report, both of which have been filed with the Texas Secretary of State by, or on behalf of, Plaintiff, are attached hereto as **Exhibit C** and incorporated into this Notice of Removal by reference. AmGUARD requests that the Court take judicial notice of these public records under Rule 201 of the Federal Rules of Evidence.

[3] Plaintiff acknowledges that AmGUARD is a foreign corporation in the Complaint. Compl. at 1.

**B.     Mr. Hepburn is improperly joined under Chapter 542A of the Texas Insurance Code.**

12.    Mr. Hepburn is improperly joined in this lawsuit in that the Complaint shows that Plaintiff has not alleged a viable claim against him. A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

13.    As an initial matter, Plaintiff cannot state a claim against Mr. Hepburn because AmGUARD has elected to accept whatever liability Mr. Hepburn might have to Plaintiff in accordance with § 542A.006 of the Texas Insurance Code. *See* **Exhibit D**. Under § 542A.006, "[w]hen an insurer elects to accept liability for an agent and notifies the claimant, the court 'shall dismiss' the claimant's action against the agent." *Electro Grafix, Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018) (quoting TEX. INS. CODE § 542A.006(c)).

14.    Where, as here, "a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 11, 2019) (emphasis in original). Because AmGUARD has accepted liability for Mr. Hepburn, Plaintiff's purported claims against Mr. Hepburn must be dismissed.

TEX. INS. CODE § 542A.006(c). Accordingly, Mr. Hepburn is improperly joined. *See, e.g.*, *Bexar Diversified*, 2019 WL 6131455, at *4; *Electro Grafix*, 2018 WL 3865416, at *4; *see also Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) (holding that non-diverse agent was improperly joined because claimant could not recover from the agent after insurer accepted agent's liability); *but see River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) (holding that insurer's acceptance of liability after lawsuit was filed did not render agent's joinder improper).

**C.     Mr. Hepburn is improperly joined in this lawsuit because Plaintiff does not allege a viable claim against him.**

15.     Further, Mr. Hepburn is improperly joined because Plaintiff fails to plead sufficient facts to state a claim against him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief," and it fails to state a claim. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

16.     To state a claim under federal pleading standards, Plaintiff must specifically allege: "*how* [Mr. Hepburn]'s adjustments were 'improper,' how his inspections were 'substandard,' or otherwise inadequate, [and] explain *which* damages [Mr. Hepburn] 'failed to include' in his adjustments, and *why* they should have been included," all of which Plaintiff fails to do. *See Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 352 (S.D. Tex. 2017) (denying remand because adjuster was improperly joined) (emphasis in original).

5

17.     Rather, Plaintiff "submits [ ] conclusory allegations of [Mr. Hepburn's] actions but fails to provide specific facts substantiating of what exactly those actions consisted." *Hotel Indigo at Alamo v. Travelers Prop. & Cas. Co. of Am.*, No. SA–17–CA–288–FB, 2017 WL 7945690, at *5 (W.D. Tex. July 11, 2017), *adopted by* 2017 8181533 (W.D. Tex. Aug. 9, 2017) (denying remand because adjuster was improperly joined). For example:

- Plaintiff alleges that Mr. Hepburn negligently violated AmGUARD's policies but does not identify or explain the policies that Mr. Hepburn allegedly violated, or how he violated them. Compl. at 9.

- Plaintiff alleges that Mr. Hepburn inspected the Property for an "insufficient time period" but does not explain how long Mr. Hepburn's inspection lasted or how long it should have lasted to be sufficient in Plaintiff's estimation. *Id.*

- Plaintiff alleges that Mr. Hepburn failed to "properly interview" Plaintiff but does not identify how Mr. Hepburn's interview was improper or what a "proper" interview consists of in Plaintiff's estimation. *Id.* at 10.

- Plaintiff alleges that Mr. Hepburn "failed to include all damages" but does not explain which damages should have been included. *Id.*

These are "nothing more than legal conclusions couched as factual allegations which the court need not consider." *Spring Street Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, No. W-16-CA-00315-JCM, 2017 WL 1289036, at *8 (W.D. Tex. Apr. 6, 2017) (dismissing claims filed against adjuster); *see also Johnson v. The Travelers Home & Marine Ins. Co.*, CV H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016) ("These factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions.") (denying remand because adjuster was improperly joined).

18.     Further, all of Plaintiff's purported claims against Mr. Hepburn arise under the Texas Insurance Code. *See* Compl. at 14-16. "However, to be held liable, the adjust[er] must have committed some act that is prohibited by the Texas Insurance Code, not just be connected to an insurance company's denial of coverage." *Spring Street*, 2017 WL 1289036, at *7. Therefore, to

6

state a claim against Mr. Hepburn, Plaintiff must do more than simply parrot the language of the Texas Insurance Code; Plaintiff must explain how the Mr. Hepburn's specific conduct connects to the elements of Plaintiff's purported claims under the Texas Insurance Code, which Plaintiff has not done. *See* Compl. at 14-16; *see also Spring Street*, 2017 WL 1289036, at *10 ("[M]erely parroting the statutory language, without attempting to connect specific conduct of the defendant to the [violation of the Texas Insurance Code], is simply a recitation of the statutory language, and thus is conclusory and fails to state a claim.") (quotations omitted); *River of Life*, 2019 WL 1767339, at *4 ("Certainly, federal district courts in this circuit have found that an adjuster is improperly joined if the plaintiff merely recites language from the Texas Insurance Code or the DTPA without specifically identifying how the adjuster's conduct violated those statutes.").

19. Even if Plaintiff did plead facts relating to Mr. Hepburn with specificity—which it does not—Plaintiff does not explain how Mr. Hepburn's alleged conduct caused Plaintiff's alleged damages. *See* Compl. at 9-10, 14-16; *see also Spring Street*, 2017 WL 1289036, at *5 (failure to explain how adjuster caused plaintiff's damages was a basis for court's finding of improper joinder). **<u>Nor does Plaintiff even seek damages from Mr. Hepburn.</u>** *See* Compl. at 16 ("These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim . . . .") (emphasis in original); *id.* at Prayer (seeking judgment for damages against "INSURANCE DEFENDANT" alone).[4] Rather, Plaintiff seeks damages from AmGUARD alone on the alleged basis that AmGUARD only partially paid for covered damage to the Property. *See id.* at 16, Prayer; *see also id.* at 5 (alleging that AmGUARD assessed the damage to the Property far below the actual cost of repairs); *id.* at 6-7 (alleging that AmGUARD failed to provide "full coverage for the damages sustained by Plaintiff" and "continues to delay in the payment for the damages to the

---

[4] The Complaint defines AmGUARD as "INSURANCE DEFENDANT" and Mr. Hepburn as "ADJUSTER DEFENDANT." Compl. at 1.

Property"). Plaintiff's failure to seek any damages whatsoever from Mr. Hepburn underscores Mr. Hepburn's improper joinder to this lawsuit.

20. Plaintiff makes no attempt beyond conclusory allegations to connect any specific conduct by Mr. Hepburn to the elements of its purported claims under the Texas Insurance Code. *See* Compl. at 14-16. In other words, Plaintiff fails to establish "more than a sheer possibility that [Mr. Hepburn] has acted unlawfully." *See Iqbal*, 556 U.S. at 678; *Spring Street*, 2017 WL 1289036, at *13 (plaintiff's failure to identify *specific* actionable conduct of an adjuster "amount[s] to nothing more than the unadorned 'defendant unlawfully harmed me' accusation"). Because Plaintiff's Complaint is "armed with nothing more than conclusions" and lacks "sufficient factual matter" as to Mr. Hepburn, Plaintiff fails to state a claim against Mr. Hepburn. *Id.* at 678-79. Consequently, Mr. Hepburn is improperly joined in this lawsuit, and his citizenship cannot be considered for purposes of diversity jurisdiction. *Larroquette*, 466 F.3d at 376 (5th Cir. 2006).

21. Thus, two independent grounds exist to establish that Mr. Hepburn is improperly joined—under Chapter 542A or under Plaintiff's own pleading, or both—and his citizenship should be disregarded for removal purposes. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

22. Because Plaintiff is a citizen of Texas (on information and belief), and AmGUARD is a citizen of Pennsylvania, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**D.   The amount in controversy is satisfied.**

23. The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional

83395300v.4 0055041/00009

amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *E.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorneys' fees. *White*, 319 F.3d at 675–76.

24. A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2). Here, Plaintiff specifically seeks "monetary relief over $100,000 but not more than $200,000." Compl. at 2. Although AmGUARD denies that Plaintiff is entitled to any damages or relief, when the requested actual damages, exemplary damages, and attorneys' fees are included in the amount-in-controversy calculus, the amount in controversy exceeds $75,000, exclusive of interest and costs, on the face of the Complaint. *Id.* at 2, 16-17.

25. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.   REQUEST FOR RELIEF

For these reasons, Defendant AmGUARD Insurance Company removes this action from the 438th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

83395300v.4 0055041/00009

Respectfully submitted,

/s/ *Kent Hofmann*
Kent Hofmann
State Bar No. 24032424
khofmann@lockelord.com
Joel Thomason
State Bar No. 24086612
jthomason@lockelord.com
Locke Lord LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)

ATTORNEYS FOR
AmGUARD INSURANCE COMPANY

**Certificate of Service**

I certify that a true and correct copy of this Notice of Removal was served on the following on August 14, 2020, as indicated:

**VIA FACSIMILE (210) 693-1312**
**AND EMAIL**
Marco D. Flores
Jake Rogiers
Flores & Pelaez Prada, PLLC
3522 Paesano's Parkway, Suite 301
San Antonio, Texas 78231
(210) 361-0070
(210) 693-1312 (Facsimile)
mflores@stormlex.com
jrogiers@stormlex.com
*Attorneys for Mazhar Footsteps LLC*
*d/b/a New Express Stop*

/s/ *Joel Thomason*
Joel Thomason

10