UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MAZHAR FOOTSTEPS, LLC,

      Plaintiff,

v().                                                  No. SA-20-CV-00955-JKP-HJB

AMGUARD INSURANCE COMPANY
AND MICHAEL CLAYTON HEPBURN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiff's Opposed Motion to Remand* (ECF No. 4), to which Defendant responded (ECF No. 6) and Plaintiff replied (ECF No. 7). For the reasons that follow, the Court denies the motion to remand.

## I. BACKGROUND

This case concerns an insurance claim arising from damages inflicted by a hailstorm. Plaintiff Mazhar Footsteps, LLC, ("Plaintiff") filed the action against AmGuard Insurance Company ("AmGuard") and insurance adjuster Michael Clayton Hepburn ("Hepburn") in the 438th District Court of Bexar County, Texas. AmGuard timely removed to federal court on the basis of diversity jurisdiction. In its notice of removal, AmGuard elects under § 542A.006 of the Texas Insurance Code to accept whatever liability Hepburn might have to Plaintiff for Hepburn's acts or omissions related to the claim. *See* ECF No. 1 at 4.

## II. JURISDICTION

There is no dispute that Hepburn is a non-diverse party. And "as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209.

### III. DISCUSSION

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

A party may move to remand a previously removed case. *See id.* § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

AmGuard removed this case solely on the basis of diversity jurisdiction. No party raises a dispute about the jurisdictional amount required for diversity jurisdiction, but they disagree as to whether Hepburn remains a properly joined defendant after AmGuard's election under Tex. Ins. Code § 542A.006.

Plaintiff's claims against Hepburn are grounded in Hepburn's role as an adjuster assigned by AmGuard to investigate Plaintiff's insurance claim. While insurance adjusters are subject to liability under Chapter 541 of the Texas Insurance Code, *see Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 & n.2 (5th Cir. 2007) (applying predecessor statute of the current § 541.060 of the Tex. Ins. Code while noting the amendments did not change the legal standards), on September 1, 2017, a new provision of the Code took effect. This provision allows insurers, in any action to which Chapter 542A applies,[1] to accept any liability found against its "agent"[2] by providing written notice to the claimant. Tex. Ins. Code § 542A.006(a). Notice may be given prior to suit or after a suit is filed. *Id.* Whether an insurer makes an election prior to suit or after suit is filed, "the court shall dismiss" the action against the "agent" with prejudice. *See id.* § 542A.006(b)-(c). The only difference between a pre-suit and post-suit election is that when the election is made prior to suit, "no cause of action exists" against the agent. *Id.* § 542A.006(b). Once the election is made, an insurer may not revoke the election and a court may not nullify it.

---

[1] By its terms, Tex. Ins. Code § 542A

> applies to an action on a claim against an insurer or agent, including: (1) an action alleging a breach of contract; (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code. . . . an action that relates to or arises from a policy renewed under Section 2210.703.

*Id.* A claim means a first-party claim "made by an insured under an insurance policy providing coverage for real property or improvements to real property" that "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." *Id.* § 542A.001(2).

[2] An agent is "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer." Tex. Ins. Code § 542A.001(1).

3

*Id.* § 542A.006(f). The statute does not require a particular form for the written notice of election or anything beyond a written notice of election for the court to dismiss the action against the agent and sets no time limitation. *See generally id.* § 542A.006.

In this case, AmGuard made its election to accept whatever liability Hepburn has to Plaintiff for Hepburn's acts or omissions related to the claim in its notice of removal and via email in a letter to Plaintiff's counsel dated August 14, 2020 (the same day AmGuard filed its notice of removal). *See* ECF Nos. 1; 4-1. Section 542A.006 therefore demands that Hepburn be dismissed from the suit. Dismissing Hepburn does not prevent Plaintiff from asserting claims under Chapter 541 of the Texas Insurance Code. Nor does Hepburn's dismissal preclude Plaintiff from implicating Hepburn in those claims, deposing Hepburn, or presenting evidence of his acts or omissions. *See* Tex. Ins. Code § 542A.006(d)-(g).

Shortly after § 542A.006 became effective, district courts began considering how to apply the section when an insurer has made its election in the state court proceedings or at the time of removal. A split of authority has developed on this issue. One line of cases has taken the view that an insurer's post-suit election to accept liability "does not by itself establish improper joinder to defeat remand." *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 672 (S.D. Tex. 2020). These courts conduct the familiar "Rule 12(b)(6)-type analysis" articulated in *Smallwood*[3] and, where the plaintiff has plausibly alleged a claim against the non-diverse defendant, decline to find improper joinder and grant remand. *Smallwood's* emphasis on sham defendants is evident in the opinions of these courts. The other line of cases has adopted the conclusion that an where insurer's election "establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes."

---

[3] *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); Fed. R. Civ. P. 12(b)(6).

*Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-0773-XR, 2019 U.S. Dist. LEXIS 200150, at *8, 2019 WL 6131455, at *11 (W.D. Tex. Nov. 18, 2019) (emphasis in original). Not surprisingly, Plaintiff urges the Court to follow the so-called majority view, expressed in *Shenavari*. ECF No. 4 at 5. And Defendant argues this Court should follow what courts refer to as the minority view, established in *Bexar Diversified*.

In some circumstances, such split of itself provides adequate reason to remand. *See Hill Country Villas Townhome Owners' Ass'n, Inc. v. Everest Indem. Ins. Co.*, No. SA-19-CV-0936-JKP, 2020 WL 373375, at *4 (W.D. Tex. Jan. 23, 2020). The Court will not take that approach here, but apply the dictates of *Smallwood* and its progeny. As discussed below, in the circumstances presented here, the Fifth Circuit focuses on "plaintiff's possibility of recovery against that defendant *at the time of removal*." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (en banc) (emphasis in original). But first, there is no reason to distinguish statements of *Smallwood* as dicta as some courts have done. In fact, the Fifth Circuit has specifically stated that it has "never suggested—much less held—that the analysis we offered there was dicta." *Int'l Energy*, 818 F.3d 193 at 207.

*Smallwood* lays out the framework in which to determine improper joinder. Its statement that the focus is on the joinder not the merits is a vital component of that framework. *Smallwood*, however, does not expressly state that the propriety of the joinder must be determined at the time of joinder. Such approach, however, appears implicit in much of the framework and the case at least suggests that timing as the general rule. Furthermore, although *Smallwood* states that "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant," the inquiry to which it is referring is "the summary inquiry" used when courts need "to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the

in-state defendant." 385 F.3d at 573-74. Relying on Supreme Court precedent, *Smallwood* went on to state "that the burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." *Id*. at 575.

In *Flagg*, the Fifth Circuit issued a second en banc decision reaffirming the standard for improper joinder articulated in *Smallwood*:

> In *Smallwood*, we explained that a non-diverse party is improperly joined if the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." Thus, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant."

819 F.3d at 136 (footnotes and citations omitted). This paragraph is notable in that *Flagg* seems to broaden the inquiry beyond the limited scope noted in *Smallwood*.

As recognized in *Flagg*, it is crucial for courts to acknowledge that "[j]urisdictional facts are determined at the time of removal, not by subsequent events." *Id.* at 137 (footnote and citation omitted). Accordingly, the en banc court stressed that "to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal*." *Id.* And this is so whether the district court engages in the "Rule 12(b)(6)-type analysis" or the "summary inquiry" to pierce the pleadings. *Id.*

*Flagg* further recognized that the courts are not completely limited to facts within the operative pleading when conducting *Smallwood's* Rule 12(b)(6)-type analysis, because the courts may consider matters of public record. *See id.* 137 & n.16. Moreover, under *Flagg*, the plaintiff must have a cause of action against the in-state defendant when the case is removed to federal court. *Id*. at 137. Courts "properly discount[] the citizenship" of in-state defendants when

"there is no doubt that the state court would have been required to dismiss the [in-state defendants] from the case." *Id*. at 138.

Both *Smallwood* and *Flagg* state that the plaintiff's motive or purpose for joining an in-state defendant "is not relevant" when determining whether the plaintiff has improperly joined a non-diverse party. *Smallwood*, 385 F.3d at 574; *Flagg*, 819 F.3d at 136. While *Smallwood* indeed stressed inclusion of "sham defendants" in its analysis and its noted irrelevancy appears limited to the summary inquiry rather than the Rule 12(b)(6)-type analysis, *Flagg* appears to broaden the noted irrelevancy when examining the possibility of recovery at the time of removal. Such irrelevancy lessens the perception that the central concern is the addition of "sham defendants" to defeat jurisdiction, which some courts emphasize. *See Shenavari*, 448 F. Supp. 3d at 667; *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019). If *Smallwood* does not require a ferreting out of "sham defendants," then there is greater opportunity to find that improper joinder may transcend the initial pleading. A point driven home by *Flagg* in its reminder that "jurisdictional facts are determined at the time of removal." 819 F.3d at 137.

A typical Rule 12(b)(6)-type analysis focuses on whether the pleading states any reasonable basis for recovery against the non-diverse defendant. When an insurer has made a pre-suit election, a Rule 12(b)(6)-type analysis is sufficient to find improper joinder because pursuant to the statute, "no cause of action exists" against the agent. Tex. Ins. Code § 542A.006(b). The analysis slightly differs when an insurer has made a post-suit election to accept liability for the non-diverse defendant, because even if the pleading initially stated a claim, the plaintiff cannot recover from that defendant. When an insurer has made its election in the state court proceedings or at the time of removal, courts sensibly take judicial notice of the

election in a 12(b)(6)-type analysis or conduct a summary inquiry to pierce the pleadings for evidence that precludes a reasonable basis of recovery. Ultimately, whether a court takes judicial notice of an insurer's state court election or pierces the pleadings to find evidence of an election, the result is the same—the plaintiff has no chance of recovery against the defendant for whom the insurer has elected to assume liability.

It is worth noting that *Smallwood* cautioned that a summary inquiry should be limited to "discrete facts that would determine the propriety of joinder" such as "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." 385 F.3d at 574 n.12. However, a summary inquiry may be warranted when a defendant's notice of election cannot be judicially noticed. Conducting a summary inquiry in this circumstance allows a court to determine whether the defendant has demonstrated at the time of removal that there is no possibility of recovery against the non-diverse defendant. A notice of election is also consistent with the types of evidence courts have examined when conducting a summary inquiry. *See, e.g., Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 221 (5th Cir. 2018) (defendant's affidavit); *Alviar v. Lillard*, 854 F.3d 286, 291 n.2 (5th Cir. 2017) (an email in which the plaintiff admitted to work-performance issues); *Kemp v. CTL Distribution*, 440 F. App'x 240, 245 (5th Cir. 2011) (per curiam) (a passage from a CTL driver-orientation manual); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (affidavits and deposition testimony). Here, the record evidence includes AmGuard's notice of election under § 542A.006. *See* ECF No. 4-1. Because AmGuard's election demonstrates that Plaintiff has no possibility of recovery against Hepburn, Hepburn is improperly joined and his citizenship may be disregarded for diversity jurisdiction purposes.

## IV. CONCLUSION

AmGuard elected to accept whatever liability Hepburn has to Plaintiff for Hepburn's acts or omissions related to the claim in its notice of removal and via email in a letter dated August 14, 2020. *See* ECF Nos. 1; 4-1. Under § 542A.006 of the Texas Insurance Code, this election is irrevocable and requires the dismissal of the action against Hepburn. Plaintiff (a citizen of Texas) and AmGuard (a citizen of Pennsylvania) are the parties proceeding before the federal court. Thus, complete diversity of citizenship exists and this Court may exercise subject matter jurisdiction over this case.

For the foregoing reasons, the Court **DENIES** *Plaintiff's Opposed Motion to Remand* (ECF No. 4). All claims against Defendant Hepburn are dismissed without prejudice.[4] Evidence of Michael Clayton Hepburn's acts or omissions may be offered at trial pursuant to Tex. Ins. Code § 542A.0006(g). **The Clerk of Court is DIRECTED to terminate Michael Clayton Hepburn from this case.**

**It is so ORDERED this 24th day of December 2020.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**

---

[4] Although § 542A.006 provides for dismissal with prejudice following an insurer's election, under current Fifth Circuit precedent, where a federal district court lacks subject matter jurisdiction over an improperly joined party, it must dismiss that party without prejudice. *Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 36 (5th Cir. 2019) (citing *Int'l Energy*, 818 F.3d at 210).